IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER M. BRUNELLE,
DUNMORE EXCLUSIVES LLC,
1137 ALBRIGHT LLC, 833 FIG LLC,
223 EAST MOUNTAIN LLC, 421
SOUTH MAIN LLC, 718 PITTSTON
LLC, 544 HEMLOCK LLC, 150
SOUTH SUMNER LLC AND 506
LACKAWANNA LLC

                    Plaintiffs

vs.

CITY OF SCRANTON; PATRICK L.
HINTON, individually, and in his
capacity as Director of the City of
Scranton's Department of Licensing,
Inspections and Permits; and
PATRICIA JENNINGS-FOWLER,
individually, and in her capacity as
Housing Inspector for the City of
Scranton's Department of Licensing,
Inspections and Permits

                    Defendants

CIVIL ACTION-LAW

JURY TRIAL DEMANDED

No.: 3:15-CV-00960-RDM

JUDGE ROBERT D. MARIANI

ELECTRONICALLY FILED

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

---

/s/ Michael J. O'Brien
Oliver, Price and Rhodes
Michael J. O'Brien, Esq.
Attorney I.D. No.: 307321
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: mjob@oprlaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iii

PROCEDURAL HISTORY ................................................................................1

STATEMENT OF FACTS ..................................................................................2

STATEMENT OF QUESTIONS INVOLVED .......................................................2

ARGUMENT ..................................................................................................3

CONCLUSION ..............................................................................................16

CERTIFICATE OF SERVICE ..........................................................................17

CERTIFICATE OF WORD COUNT ................................................................18

# TABLE OF AUTHORITIES

## Cases

Adams Parking Garage, Inc. v. City of Scranton, 171 F.Supp. 2d 417, 426 (M.D. Pa. 2001) ...................................................................................................................5

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)..............................................................................................................3, 4

Cowell v. Palmer Twp., 263 F.3d 286, 290-91 (3d Cir. 2001) ..................................9

Cty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 164 (3d Cir. 2006) ...........9

Gill v. Rollins Protective Services Co., 773 F.2d 592, 598 (4th Cir. 1985)) ............4

Knick v. Scott Twp., 2016 U.S. Dist. LEXIS 121220, at 12-13 (M.D. Pa. 2016).....8

McArdle v. Tronetti, 961 F.2d 1083, 1088 (3d Cir. 1992) .......................................12

Mitchell v. Data General Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993)...................4

Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987) ............3

Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 29-30 (Pa. Super. Ct. 1990).. 13, 15

Sakaria v. Trans World Airlines, 8 F.3d 164, 171 (4th Cir. 1993).............................4

Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194-95, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985) ........................................................9

## Statutes

42 Pa. C.S. § 8351 ............................................................................................. 12, 14

42 U.S.C.S. § 1983 ...................................................................................................5

## Rules

Fed. R. Civ. P. 56(c) .............................................................................................3, 4

AND NOW COME Defendants City of Scranton, Patrick Hinton and

Patricia Fowler ("City Defendants"), and files this Brief in Support of Defendants'

Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure

56 and aver the following in support thereof:

## PROCEDURAL HISTORY

This matter was initiated via Complaint filed in the United States District

Court for the Middle District of Pennsylvania on June 22, 2015. (Complaint ECF

No. 1-1) In their complaint, the Plaintiffs allege illegal and arbitrary actions

allegedly taken by the City and its employees relative to properties located in

Scranton. Specifically, Plaintiffs allege that Director of Licensing, Permits and

Inspection, Patrick Hinton, inspector Patricia Fowler and City officials committed

procedural and substantive due process violations, 1st, 4th and 14th Amendment

violations, violations of the Equal Protection clause as a result of official action

taken by the City and its employees relative to the Plaintiff's properties in

Scranton. (Complaint ECF No. 1-1) On behalf of the City defendants, the

undersigned filed an Answer and Affirmative Defenses on July 17, 2015. (Answer

and New Matter, ECF No. 7-1) Plaintiffs' filed an Amended Complaint on June 1,

2017. (Amended Complaint ECF No. 28-1).

The City Defendants filed a Motion to Dismiss in response to same on June 25, 2017, and Brief in Support of same on July 5, 2017. (Motion to Dismiss and Brief in Support of Motion to Dismiss ECF 30-1, 34-1) Plaintiffs filed a Brief in Response to Motion to Dismiss on July 18, 2017. (Brief in Opposition to Motion to Dismiss ECF 37-1) Defendants Motion to Dismiss remains pending. (Motion to Dismiss ECF 30-1)

## STATEMENT OF FACTS

Moving Defendants incorporate by reference the relevant Statement of Material Facts filed on March 5, 2018. (ECF 45)

## STATEMENT OF QUESTIONS INVOLVED

1.     Should summary judgment be granted as to Count III as the record has not yielded any such allegations of specific fact that that the relevant laws, policies and procedure were applied to Plaintiffs more onerously than to other unnamed individuals and entities?

Suggested Response: Yes

2.     Should summary judgment be granted as to Count IV as Plaintiffs fail to allege that they collectively or individually sought to obtain actual compensation from the state before claiming that their right to just compensation under the Fifth and Fourteenth Amendments had been violated, and the record does not include any such

allegations of specific fact Plaintiff sought to obtain actual compensation from the state before claiming that their right to just compensation under the Fifth and Fourteenth Amendments had been violated?

Suggested Response: Yes

3.    Should summary judgment be granted as to Count VIII as the record does not provide for facts sufficient to support a claim for Malicious Prosecution (§1983)?

Suggested Response: Yes

4.    Should summary judgment be granted as to Count IX as the record does not provide for facts sufficient to support a claim for Malicious Prosecution (State Claim)?

Suggested Response: Yes

## ARGUMENT

A.    **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when there exists no genuine issue as to any material fact and a decision may be rendered as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material facts to resolve. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987). In determining

3

whether summary judgment should be granted, the court "must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id*. (citing <u>Gill v. Rollins Protective Services Co., 773 F.2d 592, 598 (4th Cir. 1985))</u>. If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. <u>Anderson, 477 U.S. at 251</u>.

Moreover, to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence. See <u>FED. R. CIV. P. 56(c)</u>; see also <u>Sakaria v. Trans World Airlines, 8 F.3d 164, 171 (4th Cir. 1993)</u> (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment); <u>Mitchell v. Data General Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993)</u> ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof in the form of admissible evidence that could carry the burden of proof in his claim at trial.").

B.    **MOTION FOR SUMMARY JUDGMENT- COUNT III: EQUAL PROTECTION**

4

In Count III of the Amended Complaint, the Plaintiffs allege a violation of their right to equal protection of the law in that the Defendants allegedly applied City laws, policies and procedures more onerously upon Alexander Brunelle ("Brunelle") and his affiliated entities than as applied to other similarly situated individuals and entities. (Amended Complaint ECF No. 28-1, at 43-46). Summary judgment should be granted relative to Count III- Equal Protection, as the record has not yielded any such allegations of specific fact that that the relevant laws, policies and procedure were applied to Plaintiffs more onerously than to other unnamed individuals and entities. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 273-27.*

In order to assert a 'class of one' theory under the equal protection clause, a Plaintiff must allege that that he or she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Adams Parking Garage, Inc. v. City of Scranton, 171 F.Supp. 2d 417, 426 (M.D. Pa. 2001).  In Adams, Plaintiffs brought a 42 U.S.C.S. § 1983 action alleging that defendants deprived them of their constitutionally protected rights by conspiring to terminate plaintiffs' lease of a parking garage owned by defendant City. The second amended complaint contained substantive and procedural due process claims, an equal protection claim, and a claim for breach of contract under

5

Pennsylvania law. Because the court concluded that defendants' termination of the lease was not a breach of contract and thus not a violation of due process, and because plaintiffs had failed to produce sufficient evidence of arbitrarily disparate treatment by the governmental defendants, defendants' motion for summary judgment was granted. Specifically, the Court stated:

> Plaintiffs have also failed to present evidence of exactly what "benefits" were denied them but given to other tenants and subtenants. (See *Id*.) While this court can speculate that the benefits in question were condemnation damages, such speculation cannot be the basis of a viable equal protection claim. Because Plaintiffs' evidence is too sketchy to allow a reasonable jury to find that Defendants arbitrarily accorded Plaintiffs disparate treatment, Defendants are entitled to summary judgment on Plaintiffs' equal protection claim. *Id*., at 24.

In the current matter, Plaintiffs' Amended Complaint fails to allege any specific facts as to a violation of their collective rights under the equal protection clause, other than bare and conclusory language that the relevant laws, policies and procedure were applied more onerously than to other unnamed individuals and entities. (Amended Complaint ECF No. 28-1, at 43-46) Defendants are in receipt of Plaintiff's Interrogatory responses, responses to multiple and specific sets of requests for document production and Rule 26(a)1 Disclosures, and have deposed the Plaintiff and all other individuals with information relevant to this claim. Discovery has not yielded any such allegations of specific fact that that the relevant laws, policies and procedure were applied to Plaintiffs more onerously than to

6

other unnamed individuals and entities. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 273-275* [1]. To the contrary, at deposition, Plaintiff testified that he had planned the current lawsuits and legal strategy with Vsevolod Garanin, a similarly situated landlord who shared similar concerns and alleged similar conduct in a lawsuit docketed at 3:14-CV-2129 (MEM*). Deposition of Alexander Brunelle, Jan. 23, 2018, at 273-275*. It is thus clear that no "class of one" can exist in the current circumstances. As a result, summary judgment should be granted in favor of the Defendants as the record does not include sufficient facts to support any allegations that relevant laws, policies and procedure having been applied to Plaintiffs more onerously than to other individuals and entities. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 273-275.*

**C.   MOTION FOR SUMMARY JUDGMENT- COUNT V: FIFTH AND FOURTEENTH AMENDMENT CLAIMS**

In Count V of the Amended Complaint, Plaintiff alleges that Defendants' actions have deprived Plaintiff of the beneficial use of his property and that the

---

[1] While Plaintiffs assert a 'class of one' theory of recovery, the Court may note that Plaintiffs' counsel has sought a similar theory of recovery against the City of Scranton generally and the Office of Licensing, Inspection and Permits specifically, in at least three (3) other matters currently pending in the United States District Court for the Middle District of Pennsylvania. See, Theodore Brunelle, et al. v. City of Scranton, et al. 3:15-CV-1480 (RDM); Vsevolod Garanin v. City of Scranton, 3:14-CV-2129 (MEM); Shkedi v. City of Scranton, 3:14-CV-2069 (MEM).

condemnation/zoning actions relative to 718 Pittston Avenue and 210-212 Prospect

Avenue constitute a taking without just compensation. (Amended Complaint ECF

No. 28-1, at 48-50). Specifically Plaintiff alleges that the condemnation of 210-212

Prospect Avenue on or about May 14, 2014, constituted a taking without just

compensation. Plaintiff further alleges that a the Office of Licensing and Inspection

determination of July 31, 2015 that the property at 718 Pittston Avenue in Scranton

was zoned for two (2) residential units, as opposed to four (4) residential units, and

subsequent apartment closures, constituted an unlawful taking without just

compensation. *See, Id.; Appeal to Zoning Appeals Board, August 28, 2015*

Summary judgment should be granted as to Count IV as plaintiffs fail to

allege that they collectively or individually sought to obtain actual compensation

from the state before claiming that their right to just compensation under the Fifth

and Fourteenth Amendments had been violated. (Amended Complaint ECF No. 28-

1, at 48-50). In addition, the record does not include any such allegations of

specific fact Plaintiff sought to obtain actual compensation from the state before

claiming that their right to just compensation under the Fifth and Fourteenth

Amendments had been violated. "Before a federal court may address the merits of

a Takings Clause claim, plaintiffs generally must satisfy unique ripeness

requirements. Knick v. Scott Twp., 2016 U.S. Dist. LEXIS 121220, at 12-13 (M.D.

Pa. 2016); Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S.

172, 186, 194-95, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). A Takings

Clause inquiry depends on whether a plaintiff asserts a facial or as-applied

challenge. *Id*. "An as-applied challenge generally is not ripe until two prerequisites

are satisfied: "(1) "the government entity charged with implementing the

regulations has reached a final decision regarding the application of the regulations

to the property at issue" (the "finality rule"), and (2) the plaintiff has

unsuccessfully exhausted the state's procedures for seeking "just compensation," so

long as the procedures provided by the state were adequate." Cty. Concrete Corp.

v. Town of Roxbury, 442 F.3d 159, 164 (3d Cir. 2006) (citing Williamson Cty., 473

U.S. at 186, 194-95 (1985))." "[A] facial challenge brought under the Takings

Clause need not satisfy the "finality rule." See Cty. Concrete Corp., 442 F.3d at

168. However, plaintiffs asserting a facial challenge still must satisfy Williamson

County's "exhaustion" requirement and "seek just compensation from the state

before claiming that their right to just compensation under the Fifth

Amendment has been violated," so long as adequate state procedures exist. *Id*.; see

also Cowell v. Palmer Twp., 263 F.3d 286, 290-91 (3d Cir. 2001) (holding that

Pennsylvania state law provides an adequate procedure for aggrieved parties

seeking just compensation for an alleged taking)."

In the current matter, Plaintiffs fail to allege that they collectively or

individually sought to obtain actual compensation from the state before claiming

that their right to just compensation under the Fifth and Fourteenth

Amendments had been violated. (Amended Complaint ECF No. 28-1, at 48-50)

Rather, the record shows that Plaintiff appealed the condemnation of 210-212

Prospect Avenue to the City of Scranton Housing Appeals Board, where such

condemnation was determined to be lawful and appropriate. See, *Deposition of*

*Alexander Brunelle, Jan. 23, 2018, at 146-159*. Plaintiff did not appeal the

determination relative to 210-212 Prospect Avenue to the Court of Common Pleas

of Lackawanna County. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 155-*

*159.*

     Insofar as Count IV relates to 718 Pittston Avenue, Plaintiff appealed the

determination of 718 Pittston Avenue's two-unit status to the City of Scranton

Zoning Appeals Board on August 28, 2015. *See, Appeal to Zoning Appeals Board,*

*August 28, 2015; Deposition of Alexander Brunelle, Jan. 23, 2018, at 100.* On Jan.

13, 2016, a zoning board hearing took place relative to Plaintiff's appeal, wherein

Plaintiff appeared and offered testimony, and had the opportunity to present

additional evidence as to why the subject zoning determination was unlawful. *Id*.,

at 100-105. At the conclusion of the Jan. 13, 2016 hearing, the Zoning Board

determined the subject zoning determination to be lawful and appropriate (4-1).

*See, Paul Batyko, Esq., Correspondence Jan. 15, 2016; Deposition of Alexander*

*Brunelle, Jan. 23, 2018, at 101-105*. Plaintiff subsequently appealed the

determination of the Zoning Board to the Court of Common Pleas of Lackawanna County, where such appeal remains pending. *See, Deposition of Alexander Brunelle, Jan. 23, 2018, at 106.*

It is thus clear that Plaintiffs fail to allege that they collectively or individually sought to obtain actual compensation from the state before claiming that their right to just compensation under the Fifth and Fourteenth Amendments had been violated. As a result of the above, summary judgment should be granted in favor of the Defendants on this claim.

**D.      MOTION FOR SUMMARY JUDGMENT -COUNT VIII: MALICIOUS PROSECUTION §1983**

Count VIII includes a claim of Malicious Prosecution as it relates to alleged unlawful conduct in the issuance to and prosecution of non-traffic citations in relation to Plaintiffs' properties in Scranton, Pennsylvania. (Amended Complaint ECF No. 28-1, at 56-58). Summary judgment should be granted as to Count VIII as the Amended Complaint specifically states that at least two (2) of the subject citations remain pending. Further, at deposition, Plaintiff testified that as many as twenty of the subject (20) citations were adjudicated guilty in favor of the City and remain on summary appeal. (Amended Complaint ECF No. 28-1, at 56-58); *Deposition of Alexander Brunelle, Jan. 23, 2018, at 226-230.*

A claim of malicious use of process/malicious prosecution may state a Section 1983 claim if it includes the elements of that common law tort as it has developed. McArdle v. Tronetti, 961 F.2d 1083, 1088 (3d Cir. 1992). The elements of malicious use of process or malicious prosecution are outlined in 42 Pa. C.S. § 8351 as follows:

> (a) Elements of action. - A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

Thus, in order to successfully state a claim under Pennsylvania law for malicious use of process, commonly referred to as malicious prosecution, the claim must allege (1) that a person who participated in the underlying proceedings acted in a grossly negligent manner or without probable cause; (2) that the person acted with a malicious purpose; and (3) that the proceedings were terminated in favor of

the defendant in the underlying proceeding. <u>Rosen v. Tesoro Petroleum Corp.</u>, 582 A.2d 27, 29-30 (Pa. Super. Ct. 1990).

In the current matter, Count VIII of the Amended Complaint specifically states that at least two (2) of the subject citations remain pending, and have thus not been terminated in favor of the defendant. (Amended Complaint ECF No. 28-1, at 56-58) In addition, at deposition, Plaintiff testified that as many as twenty of the subject (20) citations were adjudicated guilty in favor of the City and remain on summary appeal. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 226-230.*

As a result, summary judgment should be granted in favor of the Defendants on this claim.

### MOTION FOR SUMMARY JUDGMENT COUNT IX: MALICIOUS PROSECUTION (STATE CLAIM)

Count IX includes a claim of Malicious Prosecution as it relates to alleged unlawful conduct in the issuance to and prosecution of meritless non-traffic citations in relation to Plaintiffs' properties in Scranton, Pennsylvania. Count IX specifically alleges malicious prosecution as it relates to a non-traffic citation for illegal occupancy issued by Patrick Hinton relating to 833 Fig St., Scranton, PA, on Feb. 27, 2015. (Amended Complaint ECF No. 28-1, at 58-61). Summary judgment should be granted as to Count IX as Plaintiff cannot reasonably convince a fact finder that a citation for illegal occupancy was issued maliciously or without

probable cause, when he conceded that tenants may have been living in the property during the period of condemnation. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 278-291.* In addition, at deposition, Plaintiff testified that as many as twenty of the subject (20) of the alleged meritless citations were adjudicated guilty in favor of the City and remain on summary appeal, and have thus not been terminated in favor of the defendant. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 226-230.*

The elements of malicious use of process or malicious prosecution are outlined in 42 Pa. C.S. § 8351 as follows:

> (a) Elements of action. - A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

Thus, in order to successfully state a claim under Pennsylvania law for malicious use of process, commonly referred to as malicious prosecution, the claim

must allege (1) that a person who participated in the underlying proceedings acted in a grossly negligent manner or without probable cause; (2) that the person acted with a malicious purpose; and (3) that the proceedings were terminated in favor of the defendant in the underlying proceeding. Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 29-30 (Pa. Super. Ct. 1990).

At deposition, Plaintiff testified that the property was held in condemnation as of Feb. 27, 2015, and repeatedly conceded that he did not know whether he had tenants living in the condemned property at the time the citations for illegal occupancy was issued on Feb. 27, 2015. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 278-291.* It should also be noted that the Amended Complaint specifically references tenants residing at Fig St. on Feb. 27, 2015. (Amended Complaint ECF No. 28-1, at 59).

Thus, Count IX must be dismissed as it relates to the non-criminal citation issued by Director Hinton relative to the Fig Street Property, as Plaintiff cannot reasonably convince a fact finder that a citation for illegal occupancy was issued maliciously or without probable cause, when he conceded that tenants may have been living in the property during the period of condemnation. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 278-291.* In addition, at deposition, Plaintiff testified that as many as twenty of the subject (20) of the alleged meritless citations were adjudicated guilty in favor of the City and remain on summary appeal, and

have thus not been terminated in favor of the defendant. *Deposition of Alexander Brunelle, Jan. 23, 2018, at 226-230.* As a result, summary judgment should be granted in favor of the Defendants as to Count IX.

<u>CONCLUSION</u>

WHEREFORE, based on the above, and for the reasons set forth and elaborated in the forthcoming supporting brief and statement of material facts Defendants respectfully request this Honorable Court grant summary judgment as to Counts III, V, VIII and IX, dismiss same with prejudice, and award any other such relief as just and appropriate.

Respectfully submitted,

/s/ Michael J. O'Brien
Michael J. O'Brien, Esq.
Attorney I.D. No.: 307321
Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA 18411
Phone: (570) 585-1200
Fax: (570) 585-5100
Email: mjob@oprlaw.com

16

## CERTIFICATE OF SERVICE

I, **MICHAEL J. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, hereby certify

that on this date, I caused the foregoing BRIEF IN SUPPORT OF MOTION FOR PARTIAL

SUMMARY JUDGMENT via the Court's ECF system on all counsel of record as

authorized under Federal Rule 5(b)(2)(E) and local rule 5.6 of the United States

District Court for the Middle District of Pennsylvania. I further certify that all

counsel of record in the case, but for the Plaintiff, are registered CM/ECF users and

that service will be accomplished by the CM/ECF system.

> Donald H. Brobst, Esquire
> Rosenn, Jenkins & Greenwald, LLP
> 15 S. Franklin St.
> Wilkes-Barre, PA 18711-0075

> /s/ Michael J. O'Brien
> Michael J. O'Brien, Esq.

17

## <u>CERTIFICATE OF WORD COUNT</u>

Pursuant to L.R.7.8(b)(2), the undersigned certifies that the Brief in Support of Motion to Dismiss contains 4,065 words.

/s/ Michael J. O'Brien
Michael J. O'Brien, Esq.

P:\O'BRIEN, MICHAEL\SCRANTON, CITY OF\Brunelle, Alexander\Pleadings\Brief in Supp of Motion for Summary Judgment.docx